

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| SHANNON NOONAN, | ) | No. ED111969 |
| | ) | |
| Appellant, | ) | Appeal from the Labor and Industrial |
| | ) | Relations Commission |
| vs. | ) | |
| | ) | |
| TROYECO LLC, AND DIVISION OF | ) | |
| EMPLOYMENT SECURITY, | ) | |
| | ) | |
| Respondents. | ) | Filed: March 12, 2024 |

Before Lisa P. Page, P.J., Gary M. Gaertner, Jr., J., and Angela T. Quigless, J.

## OPINION

Shannon Noonan (Claimant) appeals from the decision of the Labor and Industrial Relations Commission (Commission) denying her claim for unemployment benefits because she voluntarily quit without good cause attributable to her employer. We affirm.

## BACKGROUND

Claimant began working for Troyeco, LLC (Employer) in August 2019. She was a student in Springfield, Missouri and worked part time for Employer in a frozen yogurt shop. In March 2020, she returned home to St. Louis for spring break, when the state enacted a COVID-19 stay-at-home order (COVID-19 order). Claimant did not return to work until August 2020, although she did return to Springfield, where she maintained an apartment, "a few times," between March and August.

Claimant filed a claim for unemployment benefits, which Employer protested. A deputy for the Division of Employment Security determined she was disqualified from receiving benefits because she voluntarily quit her employment without good cause attributable to Employer. Claimant appealed, and following a telephone hearing, the appeals tribunal issued a decision finding her appeal was untimely filed without good cause. Claimant filed a timely application for review with the Commission, which affirmed and adopted the decision of the appeals tribunal. Claimant appealed this decision to our court. We reversed and remanded for rehearing to consider evidence not submitted to the appeals tribunal or the Commission which could not be properly supplemented to this court's record on appeal. *Noonan v. Troyeco, LLC*, 649 S.W.3d 314, 316 (Mo. App. E.D. 2022).

Following a second telephone hearing in June 2023, and upon consideration of the additional documents submitted, the appeals tribunal determined that while there was good cause for Claimant's late notice of appeal, it affirmed the decision of the deputy finding Claimant was disqualified from receiving benefits. Claimant again appealed to the Commission which affirmed the decision of the appeals tribunal. This appeal follows.

**DISCUSSION**

In her sole point on appeal, Claimant argues the Commission erred in concluding she voluntarily quit her job because she took a leave of absence due to the COVID-19 order.

*Standard of Review*

We review the decision of the Commission pursuant to Section 288.210 RSMo (2016).[1] Pursuant to statute, we may modify, reverse, remand, or set aside the Commission's decision only on the grounds that the Commission acted without or in excess of its power, the decision

---

[1] All further statutory references are to RSMo (2016).

was procured by fraud, the facts found by the Commission do not support its decision, or there was no sufficient competent evidence in the record to support the decision.  Id.  Thus, in the absence of fraud, "the Commission's factual findings are conclusive and binding if supported by competent and substantial evidence."  *McCabe v. ADP Total Source FL XVIII, Inc.*, 653 S.W.3d 420, 423 (Mo. App. E.D. 2022) (internal citations omitted).

*Analysis*

"The primary purpose of the Missouri Employment Security Law is to provide benefits to persons 'unemployed through no fault of their own.'"  *McCabe*, 653 S.W.3d at 424 (citing Section 288.020.1; *Difatta-Wheaton v. Dolphin Capital Corp.*, 271 S.W.3d 594, 596 (Mo. banc 2008)).  Section 288.050.1(1) disqualifies a claimant from benefits if the claimant left work "voluntarily without good cause attributable to such work or to the claimant's employer."  An employee is considered to have left work voluntarily if he or she leaves of his or her own accord, rather than being discharged, dismissed, or subjected to a layoff.  *McCabe*, 653 S.W.3d at 424 (citing *Darr v. Roberts Mktg. Grp. LLC*, 428 S.W.3d 717, 724 (Mo. App. E.D. 2014)).  Where the claimant is determined to have left voluntarily, we must consider whether the claimant had good cause to do so attributable to the work or to his or her employer.  *Id*.  "Good cause" has long been interpreted to mean circumstances which would cause an average, reasonable person in a similar situation to leave employment rather than continue working.  *Id*. (internal citations omitted).

Here, there is no question Claimant left work voluntarily.  She testified she was scheduled to work following her spring break, but she chose to remain in St. Louis rather than return to Springfield due to the COVID-19 order.  Thus, this court must decide whether her decision was the result of good cause attributable to either the work or Employer.  Claimant

3

asserts the COVID-19 order was "good cause" for not returning to work, which was through no fault of her own. However, she testified she maintained an apartment in Springfield and she returned to Springfield "a few" times between March and August 2020 when she returned permanently. In addition, Employer testified the shop remained open during the pandemic and Claimant was scheduled to work following spring break; however, Claimant contacted Employer and said she would not return.

We are sympathetic to the confusion caused by the COVID-19 order and understand her belief that her decision to remain in St. Louis was reasonable because the pandemic was certainly beyond her control. However, the fact remains Claimant was able to – and did – return to Springfield during the time she sought unemployment benefits. At the same time, Employer was open with work available to Claimant, but she chose not to return. Her decision to comply with the COVID-19 order was not good cause attributable to the work or Employer because the business was open and she clearly had the option to work in Springfield during the period she claimed unemployment benefits. As a result, the Commission did not err in its determination that she left voluntarily without good cause attributable to the work or Employer. *See Vaughn v. Missouri CVS Pharmacy, LLC*, 635 S.W.3d 378, 383 (Mo. App. E.D. 2021). Point one is denied.

## CONCLUSION

The Commission's decision is affirmed.

_____
Lisa P. Page, Presiding Judge

Gary M. Gaertner, Jr., Judge and
Angela T. Quigless, Judge concur.

4